DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-329-FDW

| MITCHELL JOSEPH MARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| CHAD MURRAY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Also pending are Plaintiff's Letter and Motion requesting the assistance of counsel, (Doc. Nos. 3, 6).

### I. BACKGROUND

*Pro se* Plaintiff Mitchell Martin, who is currently incarcerated at the Sanford County Correctional Center, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to the events surrounding his arrest on July 19, 2017. He names as Defendants Rutherford County Police Department Detective Chad Murray, Rutherford City Police Department, Rutherford County Jail Administration, Medical Staff, and Rutherford County Detention Facility Nurse Rachel Ruppe.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff was arrested after a fist fight on July 19, 2017, during which he broke his left hand. Detective Murray and other police officers were made aware of Plaintiff's broken hand but they refused to offer any medical assistance at the time of arrest. "RRPD Officials" refused to transport Plaintiff for health treatment and instead took him to the detention facility where he was again deprived of medical treatment by "Jail Facility Medical Staff." (Doc. No. 1 at 5-6). Plaintiff made between 15 and 20

1

verbal and written requests for treatment on July 19 until he was transported to the "NC DAC Prisons." (Doc. No. 1 at 6). NC DAC "Medical Staff" have documented that medical treatment should have been provided which would have prevented permanent damage to Plaintiff's hand. (Doc. No. 1 at 6). Defendants' failure to render any medical assistance resulted in Plaintiff's inability to use his hand.

Plaintiff seeks nominal, compensatory, and punitive damages, and injunctive relief, *i.e.*, "no retaliation from Rutherford County Sheriff Dept. by police force or police harassment at all." (Doc. No. 1 at 5).

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated his federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

Plaintiff names as Defendants the Rutherford City Police Department, Rutherford County Jail Administration, Medical Staff, and Rutherford County Detention Facility Nurse Rachel Ruppe. However, Plaintiff makes no factual allegations whatsoever with regards to these

3

Defendants. Therefore, the claims against them are too vague and conclusory to proceed at this time. See generally Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (A pleader must allege facts, directly or indirectly, that support each element of the claim).

To the extent Plaintiff refers to individuals in the body of the Complaint who are not named as defendants in the case caption, these claims cannot proceed. See Fed. R. Civ. P. 10(a) ("[i]n the complaint the title of the action shall include the names of all the parties."); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

The claims against these Defendants are dismissed without prejudice to file an Amended Complaint within 14 days of this Order.

**(2)** **Deliberate Indifference**

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013), and "forbids the unnecessary and wanton infliction of pain," id. (internal quotation marks omitted). As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

Plaintiff alleges that he broke his hand prior to his arrest, that he informed Defendant Murray of his condition, and that Defendant Murray took him to the jail rather than to obtain medical treatment. Plaintiff has minimally stated a claim of deliberate indifference to a serious medical need and this claim will be permitted to proceed against Defendant Murray.

**IV.    PENDING MOTIONS**

Plaintiff has filed two requests for the appointment of counsel. He argues that needs an attorney to help him with his pleadings and discovery and that he has sought the assistance of lawyers but has been unsuccessful.

There is no absolute right to the appointment of counsel in civil actions such as this one.

Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances that justify appointment of counsel.

Therefore, the motions seeking the appointment of will be denied.

**IV.  CONCLUSION**

For the reasons stated herein, the deliberate indifference claim shall proceed against Defendant Murray, and the remaining claims are dismissed. Plaintiff may file a superseding Amended Complaint within 14 days in which he may attempt to add parties and cure the deficiencies identified in this Order. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim. Any Amended Complaint will supersede the original Complaint and therefore any Defendants or claims not contained in the Amended Complaint will be waived. If Plaintiff fails to file an Amend Complaint within the time limit set by the Court, this action will proceed on the original Complaint, (Doc. No. 1).

**IT IS THEREFORE ORDERED** that:

(1) The claim against Defendant Murray survives initial review under 28 U.S.C. § 1915.

(2) The remaining claims are dismissed.

(3) Plaintiff shall have **14 days** in which to file a superseding Amended Complaint in accordance with this Order and all applicable rules and procedures.

(4) The Clerk is directed to mail a copy of the Complaint, (Doc. No. 1), and a new Section

1983 complaint form to Plaintiff.

(5) Plaintiff's Letter and Motion requesting to the assistance of counsel, (Doc. Nos. 3, 6), are **DENIED**.

(6) **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on **Defendant Murray**. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant Murray. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: April 11, 2018

Frank D. Whitney
Chief United States District Judge