# DISTRICT COURT OF THE UNITED STATES
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-329-FDW

| MITCHELL JOSEPH MARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| CHAD MURRAY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 11).

## I. BACKGROUND

*Pro se* Plaintiff Mitchell Martin's Complaint, (Doc. No. 1), passed initial review on a claim of deliberate indifference to a serious medical need by Detective Chad Murry for failing to provide medical treatment for Plaintiff's broken hand. Plaintiff was granted leave to file an Amended Complaint to attempt to cure deficiencies with regards to his remaining claims. (Doc. No. 10).

In his Amended Complaint, Plaintiff names the following Defendants who all work for Rutherford County Sheriff's Department: Detective Chad Murray, Booking/Intake Sergeant Patterson, Jail Administrator Lydia Waddell, and Nurse Rachel Ruppe.

Construing the Amended Complaint liberally and accepting the allegations as true, Plaintiff was arrested after a fist fight on July 19, 2017, during which he broke his left hand. Detective Murray knew about Plaintiff's broken hand, refused to transport Plaintiff for health treatment, and instead took him to the detention facility. Sergeant Patterson booked Plaintiff at the Rutherford County Detention Facility. Plaintiff informed her that he had fractured his hand, which was painful

1

and visibly swollen, but she failed to get him any care and placed him in the general population. Four days passed during which time Plaintiff received no medical treatment for his hand. He was examined by Nurse Ruppe on July 22, and he told her that he had injured his hand in a fight several days earlier and had been suffering from swelling and pain ever since. She ordered an x-ray, ace bandage, and ibuprofen for pain. Plaintiff's hand was x-rayed on July 24, 2017, which showed a severe fracture. Nurse Ruppe's failure to tell Plaintiff about the x-ray results allowed the bones to fuse while they were misaligned, which required surgery.

Plaintiff filed a grievances on August 20, and September 20, 2017, which informed Defendant Waddell that he was not receiving appropriate medical care for his injured hand. Plaintiff did not receive any response from Waddell, who knew or should have known that Plaintiff required outside medical treatment.

Plaintiff seeks nominal, compensatory, and punitive damages, and injunctive relief. (Doc. No. 11 at 17).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears

certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.  DISCUSSION**

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013), and "forbids the unnecessary and wanton infliction of pain," id. (internal quotation marks omitted). As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners

3

constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

Plaintiff alleges that he broke his hand prior to his arrest, that he informed Defendant Murray of his condition, and that Defendant Murray took him to the jail rather than to obtain medical treatment. Once he arrived at jail, Plaintiff told Sergeant Patterson about his painful hand injury that was visibly swollen. She refused to provide him medical treatment and placed him in the general population where he remained for four days without treatment. Nurse Ruppe saw Plaintiff four days later and prescribed an x-ray, ace bandage, and ibuprofen. However, Plaintiff alleges that Nurse Ruppe's deliberately indifferent failure to tell him his x-ray result resulted in

4

bone fusion requiring surgery. Further, Plaintiff informed Jail Administrator Waddell of his ongoing need for medical care via jail grievances that were ignored, and that the delay in treatment required surgery.

Plaintiff has minimally stated a claim of deliberate indifference to a serious medical need against Defendants Murray, Patterson, Ruppe, and Waddell.

## IV. CONCLUSION

For the reasons stated herein, the Amended Complaint is sufficient to proceed against all Defendants.

**IT IS THEREFORE ORDERED** that:

(1) The Amended Complaint survives initial review under 28 U.S.C. § 1915.

(2) **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on **Defendants Patterson, Ruppe,** and **Waddell**. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the summons form has been mailed to Plaintiff.[1]

Signed: May 11, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] Defendant Murray has already been served. See (Doc. No. 13).