DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-329-FDW

| MITCHELL JOSEPH MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| CHAD MURRAY, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendant Rachel Ruppe's Motion to Dismiss, (Doc. No. 30), and Plaintiff's "Letter to the Court About my Case and Objection to Ms. Rachel Ruppe['s] Motion to Dismiss," (Doc No. 35).

### I. BACKGROUND

*Pro se* Plaintiff filed a Complaint about inadequate medical treatment that passed initial review as to Detective Chad Murray. The Court granted Plaintiff leave to amend to attempt to cure the deficiencies in the rest of his claims. He filed an Amended Complaint that "minimally" passed initial review on a claim of medical deliberate indifference against Murray, Sergeant Patterson, Jail Administrator Lydia Waddell, and Nurse Rachel Ruppe. (Doc. No. 16 at 5). Defendant Ruppe filed the instant Motion to Dismiss and the Court informed *pro se* Plaintiff of the importance of responding pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a Letter in opposition to the Motion to Dismiss that also requests the appointment of counsel.

**(1) Amended Complaint**

Plaintiff alleges that he was arrested after a fist fight on July 19, 2017, during which he broke his left hand. Detective Murray knew about his broken hand and nevertheless took him to

1

the detention facility rather than for medical treatment. Plaintiff informed Sergeant Patterson at booking that he had fractured his hand, which was painful and swollen but she failed to get him any care and placed him in the general population. After four days with no medical treatment, Defendant Ruppe examined him on July 22. Plaintiff told Ruppe that he had injured his hand several days earlier and it had been swollen and painful ever since. Ruppe ordered an x-ray, ace bandage, and ibuprofen for pain. Plaintiff's hand was x-rayed on July 24, 2017, which revealed a severe fracture. Nurse Ruppe failed to tell Plaintiff about the x-ray results, which allowed the bones to fuse while they were misaligned, which required surgery.

**(2)** **Motion to Dismiss**

Defendant Ruppe argues that Plaintiff's allegations against her are insufficient to state a medical deliberate indifference claim because he, at best, disagrees with the course of treatment that Ruppe provided, and the failure to discuss x-ray results with Plaintiff amounted to, at most, medical negligence. Plaintiff failed to comply with the North Carolina Rules of Civil Procedure with regards to medical negligence claims so he is unable to go forward on that theory. Further, Plaintiff failed to state a claim for punitive damages against Defendant Ruppe because he cannot show that her conduct was motivated by evil motive intent, or involved reckless or callous indifference to his federally protected rights. Therefore, Defendant Ruppe asks that Plaintiff's claims against her be dismissed with prejudice.

**(3)** **Plaintiff's Response**

In his "Objection" to Defendant Ruppe's Motion to Dismiss, Plaintiff states that Ruppe "clearly treated [him] with deliberate indifference by not having [him] taken to the hospital for treatment even after her learning the condition of [his] hand being broke[n] through the x-ray she ordered, plus [Plaintiff] inform[ed] her of how much pain [he] was in and how visibly swollen

[his] had was." (Doc. No. 35 at 2). Plaintiff claims that he "begged" her to be taken to the hospital for treatment but she refused and had him put back in his cell.

Plaintiff also asks that the Court appoint North Carolina Prisoner Legal Services to represent him in this matter because Defendants have lawyers and Plaintiff is ignorant of the law and litigation.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009).

## III. DISCUSSION

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013), and "forbids the unnecessary and wanton infliction of pain," id. (internal quotation marks omitted). As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners

constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

Plaintiff alleges that he broke his hand prior to his arrest, that Defendant Ruppe examined him four days later and prescribed an x-ray, ace bandage, and ibuprofen. Plaintiff claims that Defendant Ruppe was deliberately indifferent for refusing to immediately send him to the hospital and that she failed to inform him of the results of the x-ray that he received two days later.

Defendant Ruppe's Motion to Dismiss and Plaintiff's response thereto reveal that Plaintiff has merely alleged a disagreement with the care that Ruppe provided, *i.e.*, giving him an ace bandage, x-ray, and ibuprofen rather than sending him to the hospital. See generally Wright v.

4

Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."); see, e.g., Bey v. Bailey, 2013 WL 2480661 (W.D.N.C. June 10, 2013); Littlejohn v. Jones, 2016 WL 4445268 (W.D.N.C. Aug. 19, 2016) (dismissing plaintiff's deliberate indifference claim even though the prison did not take x-rays or provide plaintiff with a doctor's examination as soon as he would have preferred following a slip and fall, a nurse did initially examine him and provide him over-the-counsel pain relievers, then later provided additional care).

Defendant Ruppe's failure to inform Plaintiff of the results of the x-ray that occurred two days later is, at most, medical negligence. See, e.g., Goforth v. United States, 2010 WL 6406904 (S.D.W.Va. Nov. 23, 2010) (failure to accurately or clearly inform plaintiff of MRI results was at most negligent and did not establish a claim of deliberate indifference).

Plaintiff has failed to follow the applicable North Carolina procedures for asserting a medical negligence claim so he is unable to proceed under that theory. See N.C. R. Civ. P. 9(j); N.C. Gen. Stat. 90-21.11(2)a.

Therefore, Defendant Ruppe's Motion to Dismiss will be granted with prejudice.

**IV.    MOTION FOR THE APPOINTMENT OF COUNSEL**

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion for the appointment of counsel will be denied.

## V. CONCLUSION

For the reasons stated herein, Defendant Ruppe's Motion to Dismiss will be granted and the claims against her will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that:

(1) Defendant Rachel Ruppe's Motion to Dismiss, (Doc. No. 30), is **GRANTED.**

(2) Plaintiff's Motion for the Appointment of Counsel, (Doc. No. 35), is **DENIED.**

(3) The Clerk of Court is instructed to terminate Rachel Ruppe as a defendant in this matter.

Signed: August 24, 2018

Frank D. Whitney
Chief United States District Judge