IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00329-MR

| | |
|---|---|
| MITCHELL JOSEPH MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHAD MURRAY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's filing of a Motion [Doc. 44] in this closed case.

The incarcerated Plaintiff, proceeding *pro se*, filed this action in 2017 pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Piedmont Correctional Institution. The Plaintiff alleged that members of the Rutherford County Sheriff's Office and Rutherford County Detention Center ("RCDC") personnel were deliberately indifferent to a serious medical need by failing to provide adequate care for a broken hand he sustained during his arrest. [See Doc. 11]. The Defendants prevailed on dispositive motions, and the case was closed on January 30, 2019.[1] [See Docs. 36, 42].

---

[1] This case was assigned to Judge Frank D. Whitney at that time.

On March 5, 2021, the Plaintiff filed the instant *pro se* Motion from RCDC, where he has apparently been held on new criminal charges since January. The Plaintiff alleges that he requested protective custody for his safety. He alleges that, on February 6, 2021, an inmate who was not in protective custody was placed in his cell, and that this inmate smacked and punched him on February 7, 2021. The Plaintiff further appears to allege that his present detention is based on "outrageous" criminal charges and that an unreasonable bond amount has been set. The Plaintiff alleges that these actions were taken in retaliation for Plaintiff's filing of the instant civil action. The Plaintiff seeks "some kind of relief" and "copies of everything." [Doc. 44 at 4]. He asks the Court to "advocate for [him]" because he lacks legal knowledge or access to a law library. [Doc. 44 at 2-3].

The instant § 1983 case has been closed for more than two years and the Plaintiff has set forth no basis for reopening these proceedings. Instead, it appears as though the Plaintiff may be seeking to initiate a new civil rights action pursuant to § 1983 and/or a habeas corpus action pursuant to 28 U.S.C. § 2241. The Clerk will be instructed to forward the appropriate forms to the Plaintiff so that he may initiate a new civil action(s) if he wishes to do so.

To the extent that the Plaintiff requests "copies of everything," this is too vague to support relief and, in any event, the Court is not obligated to provide free copies to indigent parties. See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress….").

It also appears that the Plaintiff is requesting the appointment of counsel.[2] As a preliminary matter, there is no open case involving the Plaintiff in which counsel could be appointed. Further, the Plaintiff has failed to demonstrate that the appointment of counsel is warranted. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and therefore, his request is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 44] is **DENIED**.

---

[2] The Court is unable to provide any legal advice, and therefore, any request for the Court to represent him is denied.

3

Case 1:17-cv-00329-MR   Document 45   Filed 03/15/21   Page 3 of 4

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner § 1983 complaint form and a blank § 2241 petition form.

**IT IS SO ORDERED.**

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge